NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2889
_____

LOUIS SINGLETON, JR.,
                    Appellant

v.

HARBOR FREIGHT MANAGER;
SECURITY PERSON OF 3-13-2023
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-01208)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: April 2, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Louis Singleton, Jr., appeals the District Court's order dismissing his second amended complaint with prejudice. For the reasons stated below, we will affirm the judgment of the District Court.

Singleton initially filed a letter with the District Court that was treated as a defective complaint. Upon instruction from the District Court, Singleton filed an amended complaint alleging claims of discrimination and racial profiling against him committed on March 13, 2023, while he was visiting a Harbor Freight store in Philadelphia. He listed as Defendants the "Harbor Freight Manager" and "Security Person of 03-13-2023." The District Court dismissed Singleton's 42 U.S.C. § 1983 claims with prejudice, but granted leave to file an amended complaint as to his other claims. Singleton filed a second amended complaint, which was dismissed with prejudice without further leave to amend. Both dismissals were pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Singleton filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). A plaintiff must present in his or her complaint "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and this "plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556–57 (2007)). We may affirm on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

2

The District Court dismissed Singleton's liberally construed § 1983 claims because Singleton did not allege any facts to support an inference that the Defendants, as private individuals employed by Harbor Freight, were "acting under color of state law." See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50–51 (1999) (noting that § 1983 does not apply to "merely private conduct, no matter how discriminatory or wrongful"). Likewise, it dismissed his 42 U.S.C. § 1981 claims because he failed to sufficiently allege that the Defendants intended to discriminate against him on the basis of race, see Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 569 (3d Cir. 2002), or that any alleged act of discrimination concerned one of the activities enumerated in the statute. See 42 U.S.C. § 1981(a). In light of these defects and the multiple attempts afforded Singleton to submit an effective complaint, the District Court determined that any further attempt to amend would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106, 108 (3d Cir. 2002). In his brief, Singleton does not bring any arguments challenging the District Court's conclusions,[1] and instead reiterates the statements represented in his second amended complaint.

We concur with the reasoning of the District Court as to Singleton's claims and the futility of any further leave to amend. Accordingly, we will affirm the judgment of the District Court.

---

[1] We note that Singleton filed requests to the District Court seeking the appointment of counsel, a jury trial, and an oral argument regarding his attempts to acquire video evidence supporting his claims. However, these requests have no bearing on Singleton's failure to state a claim.